**Annis Russell RUTHERFORD, Appellant,**

v.

**Elton Aldridge RUTHERFORD, Appellee.**

No. 14197.

Court of Civil Appeals of Texas.

Houston.

Oct. 17, 1963.

Rehearing Denied Nov. 21, 1963.

John E. Lewis, Harlingen, for appellant.

No brief filed for appellee.

BELL, Chief Justice.

Appellant was granted a divorce from appellee. The trial court awarded custody of the children to appellant with visitation rights in appellee, and determined the rights of the parties with regard to their community property and certain separate property belonging to the wife. The court found appellee had an equity of $2,000.00 in the home and adjudged such equity to be in him, and awarded the title to the property to appellant and impressed appellee's equity with right of use for the children so long as the property was used as a home or until the youngest child should reach 21 years of age or until appellant should remarry. The court also found appellee was indebted to appellant in the amount of $409.00. It allowed attorney's fees against appellee in the amount of $750.00. A personal judgment was rendered against appellee for the aggregate of these two amounts and for costs of court and execution was provided for. Court costs, as shown by the District Clerk's certificate, amounted to $53.40.

Appellant complains that the trial court was in error in not offsetting these amounts, which total $1,212.40, against the $2,000.00 equity in the home, leaving appellee an equity of $787.60.

A great deal of discretion is vested in the trial court in connection with the division of the community property. Unless there is an abuse of discretion, we will not disturb the trial court's action. While we, had we been sitting as the trial court, might have done as appellant urges, we cannot say the court abused its discretion in not so doing.

As it stands, appellant has her remedy. She has a personal judgment and can levy execution.

The cases relied on by appellant are not controlling. They merely hold the trial court has the power in dividing the community property to charge the entire attorney's fee against the husband. This in effect is what the trial court did here. As a matter of mere procedure he did not offset it against appellee's community equity.

Judgment of the trial court is affirmed.